IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00790-BNB

RANDY ALAN MERRILL,

    Plaintiff,

v.

THEADORE MINK, JCSO,
CINDY KERRIGAN,
ARAMARK CORP., and
JEFFERSON COUNTY SHERIFF'S OFFICE,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Randy Alan Merrill, currently is detained at the Jefferson County Detention Center in Golden, Colorado. Plaintiff, acting *pro se*, initiated this action by filing a Prisoner Complaint. The Complaint was not filed on a proper Court-approved form. The Court directed Plaintiff to cure the deficiency, which he did on March 28, 2013. Plaintiff asserts his constitutional rights have been violated. He seeks injunctive relief and money damages.

    The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Plaintiff will be ordered to file an Amended Complaint and assert how all named parties personally participated in violating his constitutional rights.

To establish personal participation, Plaintiff must show how each individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that they cause. See *Dodds v. Richardson, et al.*, 614 F.3d 1185 (10th Cir. 2010) (Tymkovich, J., concurring). Also, a private actor, such as Defendant Aramark, cannot be held liable under § 1983 on a respondeat superior theory. *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (collecting circuit court cases).

To state a claim in federal court, Plaintiff must explain in his Amended Complaint what each defendant did to him, when the defendant did the action, how the action harmed him, and what specific legal right he believes the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Plaintiff file within thirty days from the date of this Order an Amended Complaint that is in keeping with the above directives. It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that if Plaintiff fails within the time allowed to file an Amended Complaint that complies with this Order, the Court will dismiss the action without further notice. It is

FURTHER ORDERED that process shall not issue until further order of the Court.

DATED May 8, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge